IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GENEVA DOUTHIT, JOHN TAYLOR,
EILEEN SCHMITZ, MARY ASHCRAFT,
and REGGIE MADDOX,

    Plaintiffs,

v.                          No. 3:17-cv-00439-DRH

JANSSEN RESEARCH & DEVELOPMENT,
LLC, f/k/a JOHNSON AND JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT, LLC; JANSSEN ORTHO,
LLC; JANSSEN PHARMACEUTICALS, INC.,
f/k/a JANSSEN PHARMACEUTICA, INC., f/k/a
ORTHO-MCNEIL-JANSSEN PHARMACUETICALS, INC.;
BAYER HEALTHCARE PHARMACUETICALS INC.;
BAYER PHARMA AG; BAYER CORPORATION;
BAYER HEALTHCARE, LLC; BAYER HEALTHCARE AG;
and BAYER AG,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is plaintiffs' motion to remand (Doc. 16). Naturally, defendants oppose the motion (Doc. 23). Based on the applicable case law and the record, the Court grants the motion to remand for lack of subject matter jurisdiction.

On March 16, 2017, plaintiffs Geneva Douthit and John Taylor filed a ninety count complaint against Janssen Research & Development, LLC; Janssen Ortho LLC; Janssen Pharmaceuticals, Inc.; Bayer HeatlhCare Pharmaceuticals Inc.; Bayer Pharma AG; Bayer Corporation; Bayer HealthCare, LLC; Bayer HealthCare AG; and Bayer AG in the St. Clair County, Illinois Circuit Court (Doc. 1-1). Plaintiffs seek damages for personal injuries and economic damages suffered as a result of a defective and dangerous pharmaceutical product, Xarelto (rivaroxaban), which was designed, researched, developed, manufactured, tested, labeled, advertised, marketed, promoted, distributed and sold by defendants and defendants' representatives. Plaintiffs allege that they experienced "serious and dangerous side effects," including "life-threatening bleeding," that led to "permanent and lasting" "severe and personal injuries" due to the ingestion of Xarelto.

On April 28, 2017, defendants removed the case to this Court based on diversity jurisdiction, 28 U.S.C. § § 1332, 1441 and 1446 (Doc. 1). That same date, defendants also removed four other cases based on the same allegations contained in this complaint and filed by the same lawyers as plaintiffs' lawyers. See *Woodall, et al., v. Janssen Research & Development, LCC, et al.,* 17-0441-DRH; *Bandy, et al., v. Janssen Research & Development, LLC, et al.,* 17-0440-DRH; *Pirtle, et al., v. Janssen Research & Development, LLC, et al.,* 17-0442-DRH and *Braun, et al., v. Janssen Research & Development, LLC, et al.,*17-0443-DRH.[1]

---

1 These five cases have pending nearly identical motions to remand.

On May 2, 2017, the Court allowed defendants up to and including June 5, 2017 to respond/answer the complaint (Doc. 9). On May 3, 2017, defendants moved to stay this matter pending its likely transfer to the *In re Xarelto (Rivaroxaban) Products Liability Litigation* MDL No. 2592 (Doc. 13) and the Court granted the same (Doc. 15).[2]

Despite the entry of the stay Order, plaintiffs filed a motion to remand on May 3, 2017 (Doc. 16). Plaintiffs maintain that the Court lacks subject matter jurisdiction as there is no diversity jurisdiction because it is uncontested that plaintiff Taylor and multiple defendants, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Bayer HeatlhCare Pharmaceuticals, Inc., and Bayer HeatlhCare, LLC, all are citizens of the state of New Jersey. In light of the remand motion, the Court, on May 4, 2017, entered the following Order:

> Assuming this case was a run-of-mill tag along case and, therefore, a stay would be non-controversial, the Court granted the stay in this case as a matter of course. As it turns out, plaintiff's counsel on the same day the motion for a stay was filed, but subsequent thereto, filed a motion to remand contesting subject matter jurisdiction on the basis of a lack of diversity. Therefore, the stay that is in place will not apply to the issue surrounding the remand motion. The defendants are directed to file responses to said motion no later than May 19, 2017. It is quite likely that Judge Fallon has more than enough on his docket and does not need five remand motions to deal with. However, if the MDL judge already has a "standardized" order in place on this issue, defendants should feel free to advise this Court of that fact in their responses. Further, the JPML has now filed a CTO for transfer of this case to the MDL. Of course, a CTO does not prevent this Court from ruling on pending motions until said transfer

---

[2] On December 14, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") concluded that centralization in a single federal-court forum was appropriate issued an order establishing MDL proceeding 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana. The MDL is for federal actions involving allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto.

> is finalized. Parties should proceed on the schedule set out heretofore unless they consent to have the motion heard by Judge Fallon. However, the undersigned judge will not expedite this matter in order to rush so that an order can be issued prior to a final transfer order. The pending matter will be handled in the ordinary course of court business unaffected by the timing of the Panel's handling of the tag along issues associated with whether or not to transfer this case to the MDL.

(Doc. 21). On May 19, 2017, defendants filed their opposition to the motion to remand motion (Doc. 23). Defendants argue this lawsuit is really five distinct cases filed by citizens of Illinois, New Jersey, Florida, Ohio, and New York; and that this is an attempt to defeat defendants' removal rights, to avoid the jurisdiction of this Court and to improperly prevent its transfer to MDL No. 2592. Specifically, defendants maintain there is complete diversity as to the Illinois resident as none of the defendants are organized or incorporated under the laws of Illinois; and, there is no personal jurisdiction in Illinois over the claims of the New Jersey, Florida, New York, or Ohio residents who used Xarelto in New Jersey, Florida, New York and Ohio, respectively, and whose claims do not arise out of defendants' conduct in Illinois. As the motion to remand is ripe, the Court turns to address the merits of the motion.[3]

## **Analysis**

---

3 These five cases are slated to go to MDL 2592 as the JPML entered the Conditional Transfer Order ("CTO-148"). Plaintiffs filed oppositions to CTO-148 with the JPML and defendants' responses thereto are due June 19, 2017. Under JPML Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). The removal statute is construed narrowly and any doubts regarding jurisdiction are resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction falls on the party seeking removal. *Doe, 985 F.2d at 911.*

Here, there is no dispute that plaintiff Taylor and defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Bayer HeatlhCare Pharmaceuticals, Inc., and Bayer HeatlhCare, LLC, all are citizens of the state of New Jersey.[4] Thus, complete diversity does not exist on the face of the complaint. Rather, defendants contend that plaintiff Taylor's claims should be dismissed for lack of personal jurisdiction in that Taylor was improperly joined with other claims to defeat diversity jurisdiction. This doctrine is called "procedural misjoinder," also known as "fraudulent misjoinder," and was first recognized in

---

4 The monetary threshold is also undisputed.

*Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1352, 1360 (11th Cir. 1996). This doctrine has been rejected repeatedly by this Court and several other District Judges in this Judicial District. *See Sabo v. Dennis Techs., LLC,* 2007 WL 1958591 (S.D. Ill. July 2, 2007)(Herndon, J.); *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* 779 F.Supp.2d 846, 853 (S.D. Ill. 2011) (Herndon, C.J.); *Abel v. SmithKline Beecham Corp.*, 2013 WL 5835404 (S.D. Ill. October 30, 2013) (Herndon, C.J.)(compiling cases and reaffirming the Court's previous decisions on fraudulent misjoinder); *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, 2014 WL 257831 (S.D. Ill. January 23, 2014) (Herndon, C.J.); *See e.g. Rutherford v. Merck Co.,* 428 F.Supp.2d 842, 851 (S.D. Ill. 2006) (Murphy, J.); *Aranda v. Walgreen Co.,* 2011 WL 3793648 (S.D. Ill. Aug. 24, 2011) (Gilbert, J.); *Rios v. Bayer Corporation, et al.*, 2016 WL 5929246 (S.D. Ill. October 12, 2016) (Yandle, J.).

Fraudulent joinder, which the Seventh Circuit has recognized, "occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in the pleading." *See Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). "In determining whether there is diversity of citizenship, fraudulently joined parties are disregarded." *Id.* In contrast, procedural misjoinder, which the Seventh Circuit has not had occasion to discuss, typically invokes a defendant's argument that a plaintiff's complaint has egregiously misjoined unrelated, non-fraudulent claims of nondiverse plaintiffs, in an attempt to avoid federal

court. *See Tapscott,* 77 F.3d at 1360. Thus, the doctrine of procedural misjoinder requires a court to evaluate the applicable permissive joinder rules.

This Court has discussed extensively its reasoning in respectfully declining to recognize the doctrine of procedural misjoinder. *See Sabo,* 2007 WL 1958591 at *6–8; *In re Yasmin,* 779 F.Supp.2d at 853–857; *Abel Corp.*, 2013 WL. 5835404 at * 2; *In re Pradaxa*, 2014 WL 257831 at *2-3. Based on the above, the Court clearly does not have diversity jurisdiction over plaintiffs' complaint. Further, the Court need not determine the existence of personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88, 119 S.Ct. 1563, 143 L.E.2d 760 (1999)(stating that if subject matter jurisdiction involves "no arduous inquiry," then "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first").

## Conclusion

Accordingly, the Court **GRANTS** the motion to remand (Doc. 16). As the Court lacks subject matter jurisdiction, the Court, pursuant to 28 U.S.C. § 1447(c), **REMANDS** this matter to the St. Clair County, Illinois Circuit Court.

**IT IS SO ORDERED**.
Signed this 9th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.09 08:19:27 -05'00'

**UNITED STATES DISTRICT JUDGE**